Filed: 4/9/2020 10:08 AM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 42214916
By: Rolande Kain
4/9/2020 10:24 AM

20-CV-0515

CAUSE NO. _____

| | | |
|---|---|---|
| DAVID W. HUBBARD AND LIDIA HUBBARD, | § § § | IN THE JUDICIAL COURT OF |
| *Plaintiffs*, | § § | |
| V. | § § | |
| | § | GALVESTON COUNTY, TEXAS |
| GEOVERA SPECIALTY INSURANCE COMPANY, ALLCAT CLAIMS SERVICES, L.P., AND BRUCE JAMES WHITE, | § § § § | Galveston County - 56th District Court |
| *Defendants*. | § § | _____ DISTRICT COURT |

## PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, David W. Hubbard and Lidia Hubbard, ("Plaintiffs"), and files **Plaintiffs' Original Petition, Jury Demand, and Request for Disclosure**, complaining of GeoVera Specialty Insurance Company ("GeoVera"), AllCat Claims Services, LLC ("AllCat"), and Bruce James White ("White") (or collectively "Defendants") and for cause of action, Plaintiffs respectfully show the following:

### DISCOVERY CONTROL PLAN

1.    Plaintiffs intend to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

### PARTIES

2.    Plaintiffs, David W. Hubbard, and Lidia Hubbard, resides in Galveston County, Texas.

3.    Defendant, GeoVera Specialty Insurance Company, is a Texas insurance company engaged in the business of insurance in the State of Texas. GeoVera Specialty Insurance Company's principal place of business is 1455 Oliver Road, Fairfield, California 94534. Plaintiffs

Status Conference Set For 7-9-2020

**EXHIBIT 2**

request service of citation upon GeoVera Specialty Insurance Company through its registered agent for service:  **c/o Commissioner of Insurance, Texas Department of Insurance, 333 Guadalupe Street, Austin, Texas 78701-3938**.  Plaintiffs request service at this time.

4.      Defendant AllCat Claims Service, L.P. is a Texas Corporation and a third-party adjusting company with the Texas Department of Insurance and duly licensed to conduct business in the State of Texas. Plaintiffs request service of citation upon AllCat through its registered agent for service: **c/o Phillip R. Hall, 16 Cascade Caverns Road, Boerne, Texas 78015**. Plaintiffs request service at this time.

5.      Defendant Bruce James White is an independent insurance adjuster actively adjusting insurance claims in the State of Texas.  Plaintiffs requests service of citation upon Bruce White, through the address on file with the Texas Department of Insurance**:   13111 Suzanne, Stafford, Texas 77477**.  Plaintiffs request service at this time.

### JURISDICTION

6.      The Court has jurisdiction over GeoVera because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of GeoVera's business activities in the state, including those in Galveston County, Texas, with reference to this specific case.

7.      The Court has jurisdiction over White because this Defendant engages in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of this Defendant's business activities in the State of Texas, including those in Galveston County, Texas, with reference to this specific case.

8.      The Court has jurisdiction over AllCat Claims Services, L.P. because this Defendant

2

engages in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of this Defendant's business activities in the State of Texas, including those in Galveston County, Texas, with reference to this specific case.

## VENUE

9.  Venue is proper in Galveston County, Texas because the insured property is located in Galveston County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Galveston County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

10.  Plaintiffs assert claims for fraud, breach of contract, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

11.  Plaintiffs own a GeoVera Specialty Insurance Company homeowner's insurance policy, number GC60036965 ("the Policy").  At all relevant times, Plaintiffs owned the insured premises located at **850 Signature Cove League City, Texas 77573** ("the Property").

12.  GeoVera, through its agent, sold the Policy, insuring the Property, to Plaintiffs.  GeoVera or its agent represented to Plaintiffs that the Policy included wind storm coverage for damage to Plaintiffs' Property.  GeoVera has refused the full extent of that coverage currently owed to Plaintiffs.

13.  On or about September 19, 2019, the Property sustained extensive damage resulting from a severe storm that passed through the League City/Galveston County, Texas area.

14.  In the aftermath of the windstorm, Plaintiffs submitted a claim to GeoVera against the Policy for damage to the Property.  GeoVera assigned claim number 1923205759 to Plaintiffs' claim.

3

15.     Plaintiffs asked GeoVera to cover the cost of damage to the Property pursuant to the Policy.

16.     Damaged areas of the property include, but are not limited to the has extensive and obvious windstorm damage including, but not limited to, the roof, vents, flashings, fascia, gutters, and downspouts.. The storm compromised the integrity of the roof allowing water to enter, causing water damage to the following areas of the interior: the kitchen, master bedroom, and master bedroom closet.

17.     GeoVera assigned or hired AllCat Claims Service, L.P. to adjust the claim.   AllCat thereafter assigned its employee White to adjust the claim.

   a.   AllCat and/or its agent White a vested interest in undervaluing the claims assigned to him by GeoVera in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of Plaintiffs' third-party inspector's is evidence of fraud on the part of White. The valuation of damages that were included in White's report compared to Plaintiffs' third-party inspector's is also evidence of fraud on the part of White and AllCat.

   b.   Furthermore, White was aware of Plaintiffs' deductible before visiting the Property to conduct the inspection. White and AllCat had advanced knowledge of what amount of damages they needed to find in order to either deny the claim or find the claim below the deductible.

   c.   AllCat and White made misrepresentations as to the amount of damage Plaintiffs' Property sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiffs' Property.

   d.   White made further misrepresentations to Plaintiffs during his inspection. White used his expertise to fabricate plausible explanations for why visible damage to

Plaintiffs' Property would not be covered under the policy. Such misrepresentations include damage to the Property owing from wear and tear, damage from a previous claim, and damage of a type not consistent with the type of claim that was made.

18. GeoVera, through its agents, namely White and AllCat, conducted a substandard and improper inspection and adjustment of the Property, which yielded grossly inaccurate and unrealistic assessments of the cause, extent, and dollar amount of damage to the Property.

19. The initial adjustment of the claim occurred on or around September 26, 2019. White found that there was minimal damage from a covered peril to the kitchen and master bedroom of the property with no wind damage observed per his estimate.

20. After application of the policy deductible, Plaintiffs were left without adequate recovery to complete proper repairs on Plaintiffs' home.

21. To date, Plaintiffs have received $0.00 for damage to Plaintiffs' Property. The damage to Plaintiffs' Property is currently estimated at $33,272.25.

22. Since due demand was made on February 5, 2020, GeoVera has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiffs' claim properly.

23. As stated above, Defendants failed to assess the claim thoroughly.  Based upon Defendants' grossly unreasonable, intentional, and reckless failure to investigate and adjust the claim properly, GeoVera failed to provide full coverage due under the Policy.

24. As a result of GeoVera's failure to provide full coverage, along with GeoVera's delay tactics to avoid reasonable payment to Plaintiffs, Plaintiffs have suffered damages.

25. GeoVera failed to perform its contractual duties to Plaintiffs under the terms of the Policy.

5

Specifically, GeoVera refused to pay the full proceeds of the Policy, although due demand was made for an amount sufficient to cover repairs to the damaged Property, and all conditions precedent to recover upon the Policy were accomplished by Plaintiffs.

26.     Defendants' misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code.  Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between GeoVera and Plaintiffs.

27.     Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(1).  Defendants have not attempted to settle Plaintiffs' claim in a fair manner, even though Defendants were aware of their liability to Plaintiffs under the Policy.  Specifically, Defendants have failed to timely pay Plaintiffs' coverage due under the Policy.

28.     Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(2)(A).  Defendants failed to provide Plaintiffs a reasonable explanation for not making the full payment under the terms of the Policy.

29.     Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(4).  Defendants refused to provide full coverage due to Plaintiffs under the terms of the Policy.  Specifically, GeoVera, through its agents, servants, and representatives, namely White and AllCat performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.

30.     Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.055.  Defendants failed to reasonably accept or deny

6

Plaintiffs' full claim within the statutorily mandated time after receiving all necessary information.

31.     Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.056.  Defendants failed to meet their obligations under the Texas Insurance Code regarding timely payment of the claim.  Specifically, Defendants have delayed payment of Plaintiffs' claim longer than allowed, and Plaintiffs have not received full payment for the claim.

32.     Defendants' wrongful acts and omissions forced Plaintiffs to retain the professional services of the attorneys and law firm representing them with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT GEOVERA SPECIALTY INSURANCE COMPANY

### BREACH OF CONTRACT

33.     All allegations above are incorporated herein.

34.     GeoVera is liable to Plaintiffs for intentional violations of the Texas Insurance Code, and intentional breach of the common-law duty of good faith and fair dealing.  It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between GeoVera and Plaintiffs.

35.     GeoVera's failure and/or refusal to pay adequate coverage as obligated under the terms of the Policy, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiffs.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

36.     All allegations above are incorporated herein.

37.     GeoVera's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are actionable by TEX. INS. CODE §541.151.

38.     GeoVera's unfair settlement practice of misrepresenting to Plaintiffs' material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(1).

39.     GeoVera's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

40.     GeoVera's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(3).

41.     GeoVera's unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs' constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

42.     GeoVera's unfair settlement practice of refusing to pay Plaintiffs' claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(7).

**NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:**
**THE PROMPT PAYMENT OF CLAIMS**

43.     All allegations above are incorporated herein.

44.     GeoVera's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are actionable by TEX. INS. CODE §542.060.

45.     GeoVera's failure to notify Plaintiffs in writing of its acceptance or rejection of the full claim within the applicable time constraints constitutes a non-prompt payment in violation of TEX. INS. CODE §542.056.

46.     GeoVera's delay in paying Plaintiffs' claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

47.     All allegations above are incorporated herein.

48.     GeoVera's conduct constitutes a breach of the common-law duty of good faith and fair dealing owed to an insured in insurance contracts.

49.     GeoVera's failure to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, GeoVera knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

50.     All allegations above are incorporated herein.

51.     GeoVera's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiffs are consumers of goods and services provided by GeoVera pursuant to the DTPA.  Plaintiffs have met all conditions

precedent to bringing this cause of action against GeoVera.  Specifically, GeoVera's violations of the DTPA include, without limitation, the following matters:

A.  By its acts, omissions, failures, and conduct, GeoVera has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA.  GeoVera's violations include without limitation, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claim, (2) failure to give Plaintiffs the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiffs' property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

B.  GeoVera represented to Plaintiffs that the Policy and GeoVera's adjusting and investigative services had characteristics or benefits that they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

C.  GeoVera also represented to Plaintiffs that the Policy and GeoVera's adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.  Furthermore, GeoVera advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.  GeoVera breached an express warranty that the damages caused by wind would be covered under the Policy.  This breach entitles Plaintiffs to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F.  GeoVera's actions are unconscionable in that GeoVera took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree.

GeoVera's unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a)(3) of the DTPA; and

G.   GeoVera's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

52.   Each of the above-described acts, omissions, and failures of GeoVera is a producing cause of Plaintiffs' damages.  All of the above-described acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## FRAUD

53.   All allegations above are incorporated herein.

54.   GeoVera is liable to Plaintiffs for common-law fraud.

55.   Each and every misrepresentation described above concerned material facts that absent such representations, Plaintiffs would not have acted as Plaintiffs did, and GeoVera knew its representations were false or made recklessly without any knowledge of their truth as a positive assertion.

56.   GeoVera made the statements intending that Plaintiffs act upon them.  Plaintiffs then acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury constituting common-law fraud.

## CAUSES OF ACTION AGAINST DEFENDANT ALLCAT CLAIMS SERVICES, L.P.

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

57.   All allegations above are incorporated herein.

58.    AllCat Claims Service, L.P.'s conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act.  TEX. INS. CODE §541.060(a).

59.    AllCat is individually liable for his unfair and deceptive acts, irrespective of the fact that he was acting on behalf of GeoVera, because AllCat is a "person," as defined by TEX. INS. CODE §541.002(2).

60.    AllCat knowingly underestimated the amount of damage to the Property.  As such, AllCat failed to adopt and implement reasonable standards for the investigation of the claim arising under the Policy.  TEX. INS. CODE §542.003(3).

61.    Furthermore, AllCat did not attempt in good faith to affect a fair, prompt, and equitable settlement of the claim.  TEX. INS. CODE §542.003(4).

62.    AllCat's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice.  TEX. INS. CODE §541.060(a)(3).

63.    AllCat's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

### DTPA VIOLATIONS

64.    All allegations above are incorporated herein.

65.    AllCat's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiffs are consumers of goods and services provided by AllCat pursuant to the DTPA.  Plaintiffs have met all conditions

precedent to bringing this cause of action against AllCat.  Specifically, AllCat's violations of the DTPA include the following matters:

A.      By this Defendant's acts, omissions, failures, and conduct, White has violated sections 17.46(b)(2), (5), and (7) of the DTPA.  AllCat's violations include, (1) failure to give Plaintiffs the benefit of the doubt, and (2) failure to write up an estimate reflecting the proper repair of Plaintiffs' Property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

B.      AllCat represented to Plaintiffs that the Policy and his adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

C.      AllCat represented to Plaintiffs that the Policy and his adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.      AllCat's actions are unconscionable in that AllCat took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree.  AllCat's unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a)(3) of the DTPA; and

E.      AllCat's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

66.   Each of AllCat's above-described acts, omissions, and failures is a producing cause of Plaintiffs' damages.  All acts, omissions, and failures were committed "knowingly" and

13

"intentionally" by AllCat, as defined by the Texas Deceptive Trade Practices Act.  TEX. BUS. & COM. CODE 17.45.

## FRAUD

67. All allegations above are incorporated herein.

68. GeoVera assigned or hired AllCat Claim Services, L.P. to adjust the claim.   AllCat thereafter assigned White to adjust the claim.

   a. AllCat had a vested interest in undervaluing the claims assigned to him by GeoVera in order to maintain his employment. The disparity in the number of damaged items in its report compared to that of Plaintiffs' Third-Party Adjuster's is evidence of fraud on the part of AllCat. The valuation of damages that were included in AllCat's report compared to Plaintiffs' Third-Party Adjuster's is also evidence of fraud on the part of White.

   b. Furthermore, AllCat was aware of Plaintiffs' deductible before even visiting the Property to conduct the inspection. AllCat had advanced knowledge of what amount of damages it needed to find in order to either deny the claim or find the claim below the deductible.

   c. AllCat made misrepresentations as to the amount of damage Plaintiffs' Property sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiffs' property.

   d. AllCat made further misrepresentations to Plaintiffs during its inspection. AllCat used its expertise to fabricate plausible explanations for why visible damage to Plaintiffs' Property would not be covered under the policy. Such misrepresentations include damage to the Property owing from wear and tear, damage from a previous

claim, and damage of a type not consistent with the type of claim that was made.

## NEGLIGENCE

69.    All allegations above are incorporated herein.

70.    AllCat was negligent in its actions with regard to White's adjusting of Plaintiffs' claim and violated the standard of care for an insurance adjuster licensed in the state of Texas. Those failures include one or more of the following acts or omissions:

    a.  Failure to conduct a reasonable inspection;

    b.  Failure to include covered damage that would be discovered as a result of reasonable inspection;

    c.  Failure to identify the proper cause and scope of the damage to Plaintiffs' Property;

    d.  Failure to identify the cost of proper repairs to Plaintiffs' Property; and

    e.  Failure to communicate to Plaintiffs the reasons for specific determinations made regarding the inclusion or exclusion of damage to Plaintiffs' Property.

71.    AllCat's acts and/or omissions constitute negligence. AllCat's conduct was therefore a proximate cause of the damages sustained by Plaintiffs.

72.    At all relevant times, AllCat was an agent or employee of Defendant GeoVera.

73.    AllCat's unreasonable inspection was performed within the course and scope of his duties with Defendant GeoVera. Therefore, GeoVera is also liable for the negligence of AllCat through the doctrine of respondeat superior.

## GROSS NEGLIGENCE

74.    All allegations above are incorporated herein.

75.    AllCat's actions or omissions constitute gross negligence as defined in TEX. CIV. P. & REM. CODE § 41.001 (11)(A) and (B):

a. AllCat's actions, when viewed objectively from the standpoint of the actor at the time of their occurrence involves an extreme degree of risk, considering the probability and magnitude of potential harm to Plaintiffs; and

b. AllCat had actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, and/or welfare of Plaintiffs.

76. AllCat intentionally misrepresented the scope and amount of damages on the estimate prepared for Plaintiffs' Property on behalf of GeoVera. His estimate was to such an extreme degree below what another licensed adjuster would have done in this situation (as evidenced by the Third-Party Adjuster's estimate); it was also in complete disregard for the risk and harm Plaintiffs would suffer if the actual damages to the Property were allowed to persist unrepaired.

## CAUSES OF ACTION AGAINST DEFENDANT BRUCE WHITE

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
## UNFAIR SETTLEMENT PRACTICES

77. All allegations above are incorporated herein.

78. White c/o AllCat Claims Service, L.P.'s conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act.   TEX. INS. CODE §541.060(a).

79. White is individually liable for his unfair and deceptive acts, irrespective of the fact that he was acting on behalf of GeoVera, because White is a "person," as defined by TEX. INS. CODE §541.002(2).

80.    White knowingly underestimated the amount of damage to the Property.  As such, White failed to adopt and implement reasonable standards for the investigation of the claim arising under the Policy.  TEX. INS. CODE §542.003(3).

81.    Furthermore, White did not attempt in good faith to affect a fair, prompt, and equitable settlement of the claim.  TEX. INS. CODE §542.003(4).

82.    White's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice.  TEX. INS. CODE §541.060(a)(3).

83.    White's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

## DTPA VIOLATIONS

84.    All allegations above are incorporated herein.

85.    White's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiffs are consumers of goods and services provided by White pursuant to the DTPA.  Plaintiffs have met all conditions precedent to bringing this cause of action against White.  Specifically, White's violations of the DTPA include the following matters:

F.    By this Defendant's acts, omissions, failures, and conduct, White has violated sections 17.46(b)(2), (5), and (7) of the DTPA.  White's violations include, (1) failure to give Plaintiffs the benefit of the doubt, and (2) failure to write up an

estimate reflecting the proper repair of Plaintiffs' Property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

G.  White represented to Plaintiffs that the Policy and his adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

H.  White represented to Plaintiffs that the Policy and his adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

I.  White's actions are unconscionable in that White took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree.   White's unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a)(3) of the DTPA; and

J.  White's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

86.  Each of White's above-described acts, omissions, and failures is a producing cause of Plaintiffs' damages.  All acts, omissions, and failures were committed "knowingly" and "intentionally" by White, as defined by the Texas Deceptive Trade Practices Act.  TEX. BUS. & COM. CODE 17.45.

**FRAUD**

87.  All allegations above are incorporated herein.

88.  GeoVera assigned or hired White to adjust the claim.

a.  White had a vested interest in undervaluing the claims assigned to him by GeoVera in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of Plaintiffs' Third-Party Adjuster's is evidence of fraud on the part of White. The valuation of damages that were included in White's report compared to Plaintiffs' Third-Party Adjuster's is also evidence of fraud on the part of White.

b.  Furthermore, White was aware of Plaintiffs' deductible before even visiting the Property to conduct the inspection. White had advanced knowledge of what amount of damages he needed to find in order to either deny the claim or find the claim below the deductible.

c.  White made misrepresentations as to the amount of damage Plaintiffs' Property sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiffs' property.

d.  White made further misrepresentations to Plaintiffs during his inspection. White used his expertise to fabricate plausible explanations for why visible damage to Plaintiffs' Property would not be covered under the policy. Such misrepresentations include damage to the Property owing from wear and tear, damage from a previous claim, and damage of a type not consistent with the type of claim that was made.

### NEGLIGENCE

89.  All allegations above are incorporated herein.

90.  White was negligent in his actions with regard to his adjusting of Plaintiffs' claim and violated the standard of care for an insurance adjuster licensed in the state of Texas. Those failures include one or more of the following acts or omissions:

    a.  Failure to conduct a reasonable inspection;

    b.  Failure to include covered damage that would be discovered as a result of reasonable inspection;

    c.  Failure to identify the proper cause and scope of the damage to Plaintiffs' Property;

    d.  Failure to identify the cost of proper repairs to Plaintiffs' Property; and

    e.  Failure to communicate to Plaintiffs the reasons for specific determinations made regarding the inclusion or exclusion of damage to Plaintiffs' Property.

91.    White's acts and/or omissions constitute negligence. His conduct was therefore a proximate cause of the damages sustained by Plaintiffs.

92.    At all relevant times, White was an agent or employee of Defendant GeoVera.

93.    White's unreasonable inspection was performed within the course and scope of his duties with Defendant GeoVera. Therefore, GeoVera is also liable for the negligence of White through the doctrine of respondeat superior.

## GROSS NEGLIGENCE

94.    All allegations above are incorporated herein.

95.    White's actions or omissions constitute gross negligence as defined in TEX. CIV. P. & REM. CODE § 41.001 (11)(A) and (B):

    a.  White's actions, when viewed objectively from the standpoint of the actor at the time of their occurrence involves an extreme degree of risk, considering the probability and magnitude of potential harm to Plaintiffs; and

    b.  White had actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, and/or welfare of Plaintiffs.

96.    White intentionally misrepresented the scope and amount of damages on the estimate prepared for Plaintiffs' Property on behalf of GeoVera. His estimate was to such an extreme degree below what another licensed adjuster would have done in this situation (as evidenced by the Third-Party Adjuster's estimate); it was also in complete disregard for the risk and harm Plaintiffs would suffer if the actual damages to the Property were allowed to persist unrepaired.

## KNOWLEDGE

97.    Defendants made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiffs' damages described herein.

## WAIVER AND ESTOPPEL

98.    Defendants waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## DAMAGES

99.    Since the claim was made, GeoVera has not properly compensated Plaintiffs for all necessary repairs made, which are covered under the Policy.  This has caused undue hardship and burden to Plaintiffs.  These damages are a direct result of Defendants' mishandling of Plaintiffs' claim in violation of the laws set forth above.

100.    Defendants made the above and other false representations to Plaintiffs, either knowingly or recklessly, as a positive assertion, without knowledge of the truth.  Defendants made these false misrepresentations with the intent that Plaintiffs act in accordance with the misrepresentations.  Plaintiffs then relied on these misrepresentations, including but not

limited to those regarding coverage and the cause and scope of damage.  Plaintiffs suffered damages as a result.

101.   Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of damages sustained.  The acts, omissions, failures, and conduct of Defendants have caused Plaintiffs' damages, which include, without limitation, costs for all necessary repairs required to be made to Plaintiffs' Property, and any investigative and engineering fees incurred.

102.   For breach of contract, Plaintiffs are entitled to regain the benefit of Plaintiffs' bargain, which is the amount of Plaintiffs' claim, consequential damages, together with attorney's fees.

103.   The damage to Plaintiffs' Property is currently estimated at $33,272.25.

104.   For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits owed pursuant to the Policy, court costs, and attorney's fees.  For knowing and intentional conduct of the acts described above, Plaintiffs ask for three (3) times Plaintiffs' actual damages.  TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(B)(1).

105.   For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs is entitled to the amount of Plaintiffs' claim, plus an per annum interest penalty on that claim, as damages, as well as pre-judgment interest and reasonable attorney's fees.  TEX. INS. CODE §542.060.

106.   For breach of the common-law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of

duty, such as additional costs, economic hardship, losses due to nonpayment of money GeoVera owed, and exemplary damages.

107. Defendants' breach of the common-law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiffs' rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code.  These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages.  Therefore, Plaintiffs seek the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others from committing similar acts in the future.

108. For fraud, Plaintiffs are entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

109. For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorneys subscribed to this pleading.  Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiffs is entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

110. As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court.  As required by Rule 47(c)(3) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs seeks only monetary relief of no less than $100,000.00, but no more than

$200,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded, however.  Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

111.	Under Texas Rules of Civil Procedure 190 and 194, Plaintiffs request that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

112.	Plaintiffs hereby request a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Galveston County, Texas.  Plaintiffs hereby tender the appropriate jury fee.

## PRAYER

Plaintiffs pray that Defendants, GeoVera Specialty Insurance Company, Bruce White, and AllCat Services, LLC, be cited and served to appear and that upon trial hereof, Plaintiffs,  David W. Hubbard and Lidia Hubbard, has and recovers from Defendants, GeoVera Specialty Insurance Company, Bruce White, and AllCat Services, LLC, such sums as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages, as may be found.  In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiffs' behalf, for pre-judgment and post-judgment interest as allowed

by law; and for any other and further relief, at law or in equity, to which Plaintiffs, David W.

Hubbard and Lidia Hubbard, may show Plaintiffs are justly entitled.

Respectfully submitted,

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Tara L. Peveto
Bar No. 24076621
CHAD T. WILSON LAW FIRM PLLC
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
**eservice@cwilsonlaw.com**

ATTORNEYS FOR PLAINTIFFS